UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GARY MOORE MUNSEY and CHERYL MUNSEY, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) ) | No.: 3:06-CV-52<br>3:06-CV-74<br>(VARLAN/GUYTON) |
| JAMES R. PHILLIPS, *et al.*, | ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This civil action is before the Court on defendant Hartford Insurance Company's ("Hartford") Motion to Dismiss [Doc. 10], in which it argues that plaintiffs' claims against it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. No response or opposition to the pending motion has been filed and the time for doing so has long since passed. *See* L.R. 7.1(a), 7.2.

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). A complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

Here, Hartford argues that plaintiffs' claims against it should be dismissed because these claims do not result from "any action or inaction on the part of Hartford Insurance Company." [Doc. 11 at 1.] Hartford goes on to note that plaintiffs' claims seem to be brought solely "by virtue of the mere fact that Hartford Insurance Company provides a bond for the defendants." [*Id.*]

In the complaint filed against Hartford, [Case No. 3:06-CV-74, Doc. 1, Ex. A], plaintiffs state that they are suing Hartford "pursuant to T.C.A. § 8-8-301 as surety on Defendants' official bonds." [*Id.* at ¶ 177.] T.C.A. § 8-8-301 provides the following:

> No sheriff, whether elected or appointed, nor any surety on the sheriff's bonds, shall be liable for any wrongs, injuries, losses, damages or expenses incurred as a result of any act or failure to act on the part of any deputy appointed by the sheriff, whether the deputy is acting by virtue of office, under color of office or otherwise.

The Court has carefully considered this statute and finds that nothing in it creates a right of action against a surety, like Hartford, nor could it be reasonably construed as doing so. Furthermore, nothing in the complaint itself relates to any action that Hartford has done or left undone, but relates only to Hartford's role as the surety of the sheriff's bonds. Thus, given the lack of any claims by plaintiffs involving Hartford's surety responsibilities, plaintiffs have failed to state a claim against Hartford. Accordingly, Hartford's motion to dismiss [Doc. 10] is **GRANTED** and plaintiffs' claims against it are dismissed.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE