UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GARY MOORE MUNSEY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 3:06-CV-52 |
| | ) | 3:06-CV-74 |
| | ) | (VARLAN/GUYTON) |
| JAMES R. PHILLIPS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This civil action is brought pursuant to 42 U.S.C. § 1983 in which plaintiff Gary Munsey claims that he was subject to false arrest, excessive force, false imprisonment, and malicious prosecution at the hands of officer James R. Phillip of the Knox County's Sheriff's Department. Plaintiff brings this action against a number of defendants including Sheriff Timothy Hutchison. Currently pending is Sheriff Hutchison's Motion for Summary Judgment with respect to claims filed against him in his individual capacity. [Doc. 12]. Plaintiff has failed to respond to the pending motion in a timely manner and is therefore deemed to have waived any response. *See* Rules 7.1(a), 7.2, Local Rules for the United States District Court for the Eastern District of Tennessee. For the reasons that follow the motion will be granted.

Under Rule 56(c), summary judgment is proper if the record, taken as a whole, shows that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of establishing that there

is no genuine issue of material fact lies upon the moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n. 2 (1986). The Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *See id.*

The judge's function in considering a motion for summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter. *See id.* at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *See id.* at 250.

In support of his motion for summary judgment Sheriff Hutchison has submitted his own affidavit in which he states that he has never had any physical contact with plaintiff Gary Munsey, nor was he involved in his arrest or detention. He further states that to the best of his knowledge he has never seen Gary Munsey, and that the first time he learned about the complaint made by Gary Munsey was when the complaints were filed in this case. Sheriff

Hutchison states the following with respect to the training of Knox County Sheriff's Deputies:

. . .

> 7. Knox County Sheriff's Deputies are provided training as police officers as required by the Peace Officers Standard Training Commission guidelines and approved programs. They receive training as required by the State of Tennessee, and are qualified to serve as law enforcement officers in the States of Tennessee. They complete their annual inservice training and numerous other training courses during their employment with Knox County Sheriff's Department.
>
> . . .
>
> 10. Knox County Sheriff's Deputies are provided training as to the lawful detention and arrest of persons.
>
> . . .
>
> 11. Training has been provided to Knox County Deputies in accordance with state training requirements as to state and constitutional law by the state or approved for training by the state in reference to detention and arrest of persons.
>
> 12. All training provided to Knox County Deputies with respect to detention and arrest of persons complies with state law and constitutional mandates.
>
> 13. All Knox County policies relating to detention and arrest of persons complies with state law and constitutional mandates.
>
> . . .

Affidavit of Tim Hutchison.

The defendants have also submitted the affidavit of Chief Tim Christol who is the Director of Training for the Knox County Sheriff's Department. He states that among other

requirements, the Knox County Sheriff's Regional Training Academy exceeds the minimum training requirements of the POST Commission approval. The basic law enforcement course and all training provided to Knox County Deputies with respect to detention and arrest of persons complies with state law and constitutional mandates.

Affidavit of Tim Christol.

For several reasons Sheriff Hutchison, in his individual capacity, is entitled to summary judgment. He had no personal involvement whatsoever with the arrest or detention of plaintiff Gary Munsey. In order for Section 1983 liability to be imposed under a *respondeat superior* there must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.

> At a minimum, we held, a "Plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 511 (6th Cir. 1996).

Plaintiffs claim that Sheriff Hutchison is somehow liable as principal on his official bond does not state a claim upon which relief may be granted. *Waters v. Bates*, 227 F.Supp. 462, 465-66 (E.D. Tenn. 1964). Any claims made against Sheriff Hutchison's failure to train or supervise employees of the Knox County Sheriff's Department are official capacity claims and as such are claims against the governmental entity, not the individual. *See e.g. Brown v. Budz*, 398 F.3d 904 (7th Cir. 2005). Further, even if a constitutional right was violated Sheriff Hutchison would be entitled to qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201(2001). Finally, to the extent that plaintiff would seek to pursue a state law

4

negligence claim, such claims are barred by Tennessee Governmental Tort Liability Act. *Erwin v. Rose* 980 S.W.2d 203, 206 (Tenn. Ct. App., 1989).

To the extent that plaintiff's wife raises a claim against Sheriff Hutchison that claim must be dismissed since civil rights actions under Section 1983 are personal to the injured party. *Jaco v. Bloechle*, 739 F.2nd 239, 241(6th Cir. 1984).

In light of the foregoing defendant's Motion for Summary Judgment of Defendant Timothy Hutchison in his individual capacity [Doc. 12] is hereby **GRANTED**.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE